IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL PITTMAN, | ) | |
| Plaintiff, | ) ) | |
| VS. | ) ) | No. 15-1290-JDT-egb |
| CHAD COX, ET AL., | ) ) | |
| Defendants. | ) ) | |

SECOND ORDER DIRECTING PLAINTIFF TO COMPLY WITH
28 U.S.C. § 1915(a)(1)-(2) OR PAY $400 CIVIL FILING FEE

On December 3, 2015, Plaintiff Michael Pittman, who is incarcerated at the Henry County Correctional Facility in Paris, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) However, Plaintiff neglected to submit either the $400 civil filing fee required by 28 U.S.C. §§ 1914(a)-(b) or an application to proceed *in forma pauperis*. Therefore, the Court issued an order on December 7, 2015, directing Plaintiff to either pay the entire filing fee or comply with the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(a)-(b), by filing an *in forma pauperis* affidavit and a copy of his inmate trust account statement for the last six months. (ECF No. 3.)

Later that same day, the Clerk received Plaintiff's *in forma pauperis* affidavit (ECF No. 4), but it did not include a copy of his trust account statement. The affidavit is accompanied by a letter from Plaintiff stating, "I already sent a copy of my last 6 month account transaction in November 2015 and I should already be on file." (ECF No. 4-1.) The Court did receive a copy of Plaintiff's inmate trust account statement in another of his cases, *see Pittman v. Henry Cnty. Corr. Facility, et*

*al.*, No. 15-2705-JDT-egb (W.D. Tenn.) (Resident Acct. Statement, ECF No. No. 6). However, the PLRA requires a prisoner who files a complaint to submit a trust account statement "for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2). The complaint in case number 15-2705 was filed on October 27, 2015, more than a month before the present case. Therefore, the applicable 6-month period is not the same, and Plaintiff must submit a new trust account statement.[1]

Accordingly, Plaintiff is ORDERED to submit, within 30 days after the date of this order, either the entire $400 civil filing fee or a certified copy of his inmate trust account statement for the last six months.[2]

If Plaintiff timely submits the necessary documents and the Court finds that he is indeed indigent, the Court will grant leave to proceed *in forma pauperis* and assess only a $350 filing fee in accordance with the installment procedures of 28 U.S.C. § 1915(b). However, if Plaintiff fails to comply with this order in a timely manner the Court will deny leave to proceed *in forma pauperis*, assess the entire $400 filing fee from his inmate trust account without regard to the installment payment procedures, and dismiss the action without further notice for failure to prosecute, pursuant to Fed. R. Civ. P. 41(b). *McGore*, 114 F.3d at 605.

IT IS SO ORDERED.

  s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

---

[1] It might be appropriate to deem a trust account statement applicable in more than one case if the cases are filed within only a few days of each other. However, in general, a separate trust account statement will be necessary for each complaint and *in forma pauperis* affidavit filed.

[2] Plaintiff does not need to submit another *in forma pauperis* affidavit.