# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE
## EASTERN DIVISION

MICHAEL PITTMAN,                      )
                                      )
    Plaintiff,                        )
                                      )
VS.                                   )          No. 15-1290-JDT-egb
                                      )
CHAD COX, ET AL.,                     )
                                      )
    Defendants.                       )

---

## ORDER DISMISSING COMPLAINT,
## CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH,
## NOTIFYING PLAINTIFF OF APPELLATE FILING FEE AND
## NOTIFYING PLAINTIFF OF RESTRICTIONS UNDER 28 U.S.C. § 1915(g)

---

On December 3, 2015, Plaintiff Michael Pittman ("Pittman"), an inmate at the Henry County Correctional Facility ("Jail") in Paris, Tennessee, filed a *pro se* civil complaint. (ECF No. 1.) After Pittman filed the required documentation (ECF Nos. 4 & 7), the Court issued an order on December 31, 2015, granting leave to proceed *in forma pauperis* and assessing the civil filing fee pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(a)-(b) (ECF No. 8). The Clerk shall record the Defendants as attorney Chad Cox and the law firm of Clark and Cox, PLLC.

## I. The Complaint

Pittman alleges that in October 2015, he and his fiancee retained Defendant Cox to represent Pittman "concerning a time reduction or reduction of sentence." (ECF No. 1 at 2.) Thereafter, one of Cox's associates led them to believe that Cox had Pittman's file and was working on his case. (*Id.*) However, Pittman alleges that after a month Cox still had not

followed up with him or his fiancee, had not obtained any pertinent documents about the case, and had not visited Pittman at the Jail. (*Id.* at 2-3.) Pittman states that he and his fiancee paid Cox $1,000.00 (*id.* at 3), which Cox allegedly accepted "under false pretense, insufficient counseling, and [e]ntrapment" (*id.* at 2). Pittman contends this has caused him great stress, anxiety, and mental pain and suffering and that it constitutes cruel and unusual punishment and discrimination. (*Id.* at 3.) The relief sought is not specified.

## II. Analysis

### A.    Screening and Standard

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

> (1)    is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

> (2)    seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); see also 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the court applies standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681) (alteration in original). "[P]leadings that . . . are no more than conclusions . . . are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by

factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"A complaint can be frivolous either factually or legally. Any complaint that is legally frivolous would *ipso facto* fail to state a claim upon which relief can be granted." *Hill*, 630 F.3d at 470 (citing *Neitzke v. Williams*, 490 U.S. 319, 325, 328-29 (1989)).

> Whether a complaint is factually frivolous under §§ 1915A(b)(1) and 1915(e)(2)(B)(i) is a separate issue from whether it fails to state a claim for relief. Statutes allowing a complaint to be dismissed as frivolous give "judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327, 109 S. Ct. 1827 (interpreting 28 U.S.C. § 1915). Unlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true, *Iqbal*, 129 S. Ct. at 1949-50, a judge does not have to accept "fantastic or delusional" factual allegations as true in prisoner complaints that are reviewed for frivolousness. *Neitzke*, 490 U.S. at 327-28, 109 S. Ct. 1827.

*Id.* at 471.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants and prisoners are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, No. 09-2259, 2011 WL 285251, at *5 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'") (quoting *Clark v. Nat'l Travelers Life Ins. Co.*,

518 F.2d 1167, 1169 (6th Cir. 1975)) (alteration in original); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

B.      Title VI Claim

Pittman's complaint is filed pursuant to Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, which provides that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." However, Plaintiff does not allege that he was discriminated against on the basis of his race, color or national origin. Furthermore, Plaintiff does not allege that either Cox or his law firm, Clark and Cox, PLLC, receives Federal financial assistance. Therefore, he has failed to state a claim under Title VI. *See Torrespico v. Columbia Coll.*, No. 97 C 8881, 1998 WL 703450, at *16-17 (N.D. Ill. Sept. 30, 1998) (Title VI plaintiff must allege that the entity receives federal financial assistance); *Grimes v. Superior Home Health Care of Middle Tenn., Inc.*, 929 F. Supp.

1088, 1092 (M.D. Tenn. 1996) (Title VI claim requires plaintiff to allege racial discrimination and that the entity receives federal assistance).

C.      § 1983 Claim

Although Plaintiff has not specifically referenced 42 U.S.C. § 1983 in the complaint, the Court will also consider whether he has a § 1983 claim. Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:  (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

Plaintiff has no claim against the private attorney Defendants under 42 U.S.C. § 1983. "A § 1983 plaintiff may not sue purely private parties." *Brotherton v. Cleveland*, 173 F.3d 552, 567 (6th Cir. 1999). Thus, "[i]n order to be subject to suit under § 1983, [a] defendant's actions must be fairly attributable to the state." *Collyer v. Darling*, 98 F.3d 211, 231-32 (6th Cir. 1997). Attorneys, whether court appointed or privately retained, do not act under color of state law for purposes of § 1983. *Smith v. Hilltop Basic Res., Inc.*, 99 F. App'x 644, 646 (6th Cir. 2004); *Harmon v. Hamilton Cnty. Court of Common Pleas*, 83 F. App'x 766, 767 (6th Cir. 2003) ("Here, the defendant attorneys did not act under color of state law as privately retained

attorneys, although the acts alleged related to state court litigation."); *Otworth v. Vaderploeg*, 61 F. App'x 163, 165 (6th Cir. 2003) ("A lawyer representing a client is not, by virtue of being an officer of the court, a state actor under color of state law within the meaning of § 1983."); *Catz v. Chalker*, 142 F.3d 279, 289 (6th Cir. 1998).

At most, Pittman has alleged a state-law claim of legal malpractice against the Defendants. However, because all federal claims are being dismissed, the Court declines to exercise supplemental jurisdiction over any claims arising under Tennessee law. *See* 28 U.S.C. § 1367(c)(3).[1]

### III.  Standard for Leave to Amend

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *see also Brown v. R.I.*, No. 12-1403, 2013 WL 646489, at *1 (1st Cir. Feb. 22, 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded."). Leave to amend is not required where a deficiency cannot be cured. *Brown*, 2013 WL 646489, at *1; *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean, of course, that every *sua sponte* dismissal entered without prior notice to the plaintiff automatically

---

[1] The complaint sets out no independent basis for the Court to exercise jurisdiction over a state-law claim against the Defendants based on diversity of citizenship. Diversity of citizenship means that the action is between "citizens of different States." 28 U.S.C. § 1332(a). "To establish diversity jurisdiction, one must plead the citizenship of the corporate and individual parties." *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 792 n.20 (D.C. Cir. 1983); *see also Johnson v. New York*, 315 F. App'x 394, 395 (3d Cir. 2009) (per curiam) ("To invoke diversity jurisdiction, Johnson was required to plead that he is a citizen of a particular state and that the defendants are citizens of a different state or states."); *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987) (complaint did not properly allege diversity jurisdiction); *Leys v. Lowe's Home Centers, Inc.*, 601 F. Supp. 2d 908, 912-13 (W.D. Mich. 2009) (complaint and notice of removal did not adequately establish diversity jurisdiction). The complaint in this case does not allege that the Defendants are citizens of a different state than Pittman.

must be reversed.  If it is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile, then a *sua sponte* dismissal may stand."); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002) ("*in forma pauperis* plaintiffs who file complaints subject to dismissal under Rule 12(b)(6) should receive leave to amend unless amendment would be inequitable or futile"); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts."). In this case, the Court finds that leave to amend is not warranted.

## IV.  Conclusion

The Court DISMISSES Pittman's complaint for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), and declines to exercise jurisdiction over any state-law claim, pursuant to 28 U.S.C. § 1367(c)(3).  Leave to amend is DENIED.

Pursuant to 28 U.S.C. §1915(a)(3), the Court must also consider whether an appeal by Pittman in this case would be taken in good faith.  The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).  The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous.  *Id.*  It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the Defendant, but has sufficient merit to support an appeal *in forma pauperis*.  *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983).  The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith.  Therefore, it is CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Pittman would not be taken in good faith.

The Court must also address the assessment of the $505 appellate filing fee if Pittman nevertheless appeals the dismissal of this case. A certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to take advantage of the installment procedures contained in § 1915(b). *See McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997), *partially overruled on other grounds by LaFountain*, 716 F.3d at 951. *McGore* sets out specific procedures for implementing the PLRA, 28 U.S.C. § 1915(a)-(b). Therefore, Pittman is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in *McGore* and § 1915(a)(2) by filing an updated *in forma pauperis* affidavit and a current, certified copy of his inmate trust account for the six months immediately preceding the filing of the notice of appeal.

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Pittman, this is the third dismissal of one of his cases as frivolous or for failure to state a claim.[2] This "strike" shall take effect when judgment is entered. *Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015).

Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Consequently, Plaintiff is now barred from filing any further actions *in forma pauperis* while he is a prisoner within the meaning of 28 U.S.C. § 1915(h) unless he is in imminent danger of serious physical injury. Therefore, if any civil action filed by Plaintiff while he is incarcerated is not accompanied either by the entire civil filing fee or by allegations

---

[2] *See Pittman v. Henry Co.*, 1:15-cv-1284-JDT-egb (W.D. Tenn. Oct. 26, 2016) (dismissed for failure to state a claim); *Pittman v. Henry Co., et al.*, No. 1:15-cv-1262-JDT-egb (W.D. Tenn. Oct. 25, 2016) (dismissed for failure to state a claim).

sufficient to show that, at the time of filing the action, he is in imminent danger of serious physical injury, the complaint will be filed, but Plaintiff will be required to remit the full civil filing fee.  If he fails to do so, the case will be dismissed, and the filing fee will be assessed from his inmate trust account without regard to the installment procedures of the PLRA.

Plaintiff is cautioned that, if he attempts to evade the § 1915(g) restriction by filing actions in other jurisdictions that are then transferred or removed to this district, the Court may impose a monetary sanction in the full amount of the civil filing fee.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE